Edie Cunningham of the Federal Defender's Office on behalf of Ms. Valdez, and I'd like to reserve two minutes, if I may. You'll have to keep track of your time. We may use some of it with questions. Yes, Your Honor. Forfeiture under 924d is limited only to guns and ammunition. Congress was very specific. The rules of statutory construction require the court to apply this alternatively, if substitute asset forfeiture is permitted, it must be subject to the limitations of 853a. Forfeiture statutes must be strictly construed. As I said, 924d uses very specific language, and that specific limitation trumps any general or ambiguous provision that may be in 924d, 92461, or 853. And it's — Well, if we followed that logic, there'd be nothing left of the substitute property, because there are a lot of specific statutes that talk about identifiable types of property, but the statute uses the broad-term property, and we would give it, wouldn't we, its ordinary meaning? Well, it ordinarily means something that belongs to someone. And I do — I mean, when it's — when it says that, you know, the firearms or the ammunition are subject to forfeiture, it doesn't say, but you can't have substitute property. It's sort of the starting point that allows forfeiture to begin with. And then all the provisions relating to forfeiture, it seems to me, would come into play at that point. Well, Your Honor, I have several responses to that. First of all, in the other forfeiture statutes that I've seen, they use the term property, and it's very broadly defined. It includes proceeds. So there's not the difficulty in applying it via 2461. The language in 924d is very specific. But assuming that 24 — 2461 has some application, it must be strictly construed, and it must be limited to the property that is subject to forfeiture under the underlying statute, and it must belong to the defendant, because that's what property means. And any ambiguity in this scheme has to be resolved in my client's favor. Well, there's no question here that the property belonged to the defendant, is there? Oh, yes. I mean, it was split between her and the other defendant, but — No, Your Honor. That she did not — it's undisputed that she had no ownership interest. She was merely an intermediary. The government affirmatively asserted in its sentencing pleading — that is, CR 77 at 4 through 5, it's not in the excerpts — that the money to buy the ammunition came from the criminal enterprise in Mexico. My client and her co-defendant, as well, were just intermediaries. Your client took the money and gave it to her co-defendant, correct? Yes, Your Honor. And the whole idea was the criminal enterprise wanted this guns and ammunition and they wanted it moved across the border. Now, in other situations, intermediaries are not subjected to the harsh sanction of substitute asset forfeiture. And if I may explain, this would raise serious constitutional concerns to allow the substitute asset forfeiture here, because you can have two defendants that are equally culpable and one is socked with a harsh monetary penalty for substitute asset forfeiture and the other one is not. Because let's say the criminal enterprise in Mexico recruits two intermediaries, gives the same amount of money to both of them, asks them both to buy the same guns and ammunition. One of those intermediaries gets caught at the border. The guns and ammunition are forfeited. That is not a problem for the defendant in that case, because the defendant didn't pay for that ammunition. And then another the other defendant, the very equally culpable defendant, does not get caught at the border, and the guns go into Mexico and investigation reveals what happened. So your position would have to go beyond guns and ammunition to any kind of substituted property. The logic of it would carry forward to drugs or anything else. Well, you can have my illegal drugs, but, gee, don't make me pay if I've already given them away or hidden them somewhere. Well, Your Honor, no. It depends on who finances it. And in Honeycutt ---- Why? Where do you see that in the statute? Well, Your Honor, I the statute has to be very strictly construed. And what I don't see in the statute is I don't see authorization to confiscate or substitute assets from someone who wasn't the source of the tainted property. In our case, it was the criminal organization that was the source. Well, the possessor of the tainted, as you call it, tainted or contraband property, basic the whole point of this is if you have placed the contraband outside the reach of the government to take it from you, then the value of it, it gets taken from you or some other substitute property is taken from you because you're not allowed to profit from having possessed that contraband. That's the basic premise of it. Excuse me, Your Honor. Your Honor, that's my point. My client, that wasn't her money. She never had that money to begin with. Okay. So I think we're going to what the issue is, is that was it ever her property? Because if you're going to apply 853P, I think what you're saying, you first have to meet the requirements of 853A. Yes, Your Honor. And A-2 provides, which it seems the one that might be applicable here, it provides that any property constituting or derived from any proceeds the person obtained the wrong one, any of the person's property used in any manner or part to commit such a violation, was it ever Ms. Valdez's property? Yes. Did she ever have an ownership interest in it? And cases recognize that there are intermediaries who just handle property and don't retain it. What you're your client pleaded guilty, right, to attempted smuggling of the ammunition. Am I correct about that? Yes, Your Honor. Okay. So it seems to me that the basis of your argument is now to essentially question whether she was guilty of that crime. No, Your Honor. No, Your Honor. She admitted to basically attempting to export this ammunition, and the people in Mexico were unindicted co-conspirators. Okay. So here's my question. Say she pled guilty, they arrested her. She still had the illegal ammunition and guns. Okay. Both of them. Had it in the car. Right. It's before they left it in Mexico, came back, and it was gone. Right. Okay. So we're not talking about substitute property. We're talking about real property. Right. And it wouldn't have been a loss to her. Right. No, no. But would she have then, would it have been a forfeiture against her or her co-defendant or both of them? It would have been forfeited, and it would have been a fiction. And this is an important point, because Rule 32.2 in the case law makes it clear that criminal forfeiture can only apply to something that a defendant owns or their interest in it. And, you know, if a defendant doesn't have an interest in it, and my client didn't have an interest in it in this case, it doesn't matter. They don't have an incentive to contest the forfeiture. And how that is dealt with in the statutory scheme under 853N is that third parties who have a non-criminal interest in it can come forward. Of course, these people are going to be. Although, again, counsel, your client was the one who was contacted by the enterprise. Your client was the one who got the money, who supplied it to the co-conspirator, and who drove with the co-conspirator to take the money toward the Mexican border, yes? I mean, to take the ammunition to the Mexican border. She possessed it. But I think the very important point here, Your Honor, is that it is undisputed and actually it's the government's position, as I said, that this $3,000 came from Mexico. And to hold intermediaries in gun and exportation cases liable in this circumstance would be to treat them more harshly than intermediaries in drug cases, intermediaries in money laundering cases, intermediaries in racketeering cases, where the language when Congress actually thought about it and drafted a statute on criminal forfeiture, they spared intermediaries of that hardship. So there's no reason to assume that when they didn't even say anything about it in 2461, and when they didn't say anything in the legislative history, except we want to streamline things and we want to enhance due process protections for defendants, that they somehow want to treat intermediaries in other cases more harshly. And I will say that in 982, where they did, in money laundering cases, where they did contemplate that intermediaries would have to forfeit substitute assets in some circumstances, they used the term provision, they limited it to very egregious cases, and they specifically said so. So rules of strict statutory construction require the Court to provide the same limitation here. Sotomayor, your time has expired, but you may have a minute for rebuttal when the time comes. Thank you, Your Honor. May it please the Court. I'm Bob Miskell from the U.S. Attorney's Office in Tucson on behalf of the United States. There appears to be no dispute that the ammunition, the 10,000 rounds of ammunition that the defendant tried to export was subject to forfeiture in this case. The defendant is liable for the value of the ammunition because in the words of 853 P, she caused the ammunition to be transferred beyond the reach of the government, basically. That's why she's liable. If you follow the statutory scheme, it's very clear. 924 D says ammunition involved in any Federal offense is subject to forfeiture. Right, civil forfeiture. But then you have this criminal forfeiture vehicle and so forth. But how do you apply the substitute property provision of 853 P without first satisfying 853 A, too, that any of the person's property is? Was it Ms. Valdez's property, and did the district court make those factual findings that it was indeed her property? No, the court did not make those findings. Would 853 A apply at all? It describes certain drugs and other property that is subject to criminal forfeiture, but it's not a procedure. And it is only the procedures of 853 that are incorporated. So why is 853 A relevant? As the government argues in its brief, 853 A is not relevant. 853 A is a substantive provision applicable to drug prosecution. That's analogous to the provision that requires or permits the forfeiture of ammunition. Right. It's similar, but on a different topic. And they use different words to define what is subject to forfeiture. And your argument is we need to look at 853 P. Right. 853 P is a procedural provision, which several courts have recognized. It's a procedural provision, and 2461 says you look at the procedures of 853, not the substantive provisions, the procedural provisions. And that's what the court did here. The court looked at 853 P, determined that the defendant was responsible for transferring the 10,000 rounds of ammunition beyond the reach of the government. Therefore, the defendant was liable for this order of substitute assets. 853 A does not apply. The Second Circuit in Bermuda has rejected that almost identical argument in a case involving, I think it was the money laundering forfeiture statute. And I ask the Court to do the same here. Unless the Court has any further questions? I don't. I don't, no. Thank you. Thank you. If the Court is going to apply 853 P, the plain language of 853 P requires the limitations in 853 A. 853 P incorporates A by reference. And not only that, 853 P2, which is a procedural provision, says if the preconditions are met, any other property of the defendant can be forfeited. So that presumes that the property was the defendant's to begin with, that they had an ownership interest in it. So the plain language, strict construction of the statute requires that any ambiguity has to be resolved in favor of my client, and also it's consistent with principles of criminal forfeiture. Which is limited to forfeiting the defendant's interest in property. And again, if property is not criminally forfeitable in the first place, then it can't be subject to substitute asset forfeiture. And if you read the Rule Advisory Committee notes to Rule 32.2, you know, the committee recognizes that, that the Court really can't forfeit, can't forfeit something that's not the defendant's. But again, if actual property is forfeited and the defendant has no interest in it, they're not going to contest it, and 853 provides procedures for third parties who have legitimate claims to come forward. Thank you, counsel. The case just argued is submitted. And once again, we appreciate the arguments from both counsel.
judges: Graber, Kobayashi, Bennett